```
 1
 2
 3
 4
 5
 6
 7                    UNITED STATES DISTRICT COURT
 8                   EASTERN DISTRICT OF CALIFORNIA
 9
10  UNITED STATES OF AMERICA,     )
                                  )    CR NO. S-04-441 GEB
11              Plaintiff,        )
                                  )
12       v.                       )    TRANSMITTAL OF VOIR DIRE
                                  )
13  WILLIAM ALLEN BLOOMFIELD,     )
                                  )
14              Defendant.        )
                                  )
15
```

16       In response to an inquiry from the government's counsel,
17  attached is a copy of the typically used voir dire questions, which
18  the parties could consider as they decide on what voir dire to
19  propose.
20  Dated:  August 18, 2005

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

1

```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA




          Plaintiff,              DRAFT VOIR DIRE
                                  OVERVIEW AND QUESTIONS
  v.



          Defendant.
_____/
```

    Good morning, and welcome to the United States District Court.  Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin.  You are performing an important function in our legal system.

    The court personnel who will assist me in this trial are on the platform below me.  The Courtroom Deputy is Shani Furstenau.  She's on the platform below me on my left side.  Next to her is the Certified Court Reporter, Kimberly Watkins.

    We are about to begin what is known as voir dire.  The

1

purpose of voir dire is to have each of you disclose any feelings, bias, and prejudice against or in favor of any party, so we can ascertain which of you can fairly sit as a juror in this particular case.  Voir dire consists of questions designed to tell the parties some general things about each prospective juror, and to provide the parties with information about whether a prospective juror should be a juror in this case.  It allows the parties to exercise more intelligently their peremptory challenges and enables the Court to determine whether or not any prospective juror should be excused for cause.  Challenges for cause permit rejection of prospective jurors for a legally cognizable basis of partiality.  Each side is given a certain number of peremptory challenges.  The parties will exercise their peremptory challenges after the questioning is complete.

 1. Ms. Furstenau, please administer the oath to the panel.

 2. Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been provided to each party in the numerical sequence in which they were randomly selected, and each juror has been placed in his or her randomly-selected seat.

 3. I will ask a series of questions as a group.  If any potential juror has a response, please raise the number you've been given, which reflects your seat number.  Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the lowest seat numbered juror responding first.  If no hand is raised, I will

simply state "no response."  If you know it is your turn to respond to a question, you may respond before I call your name by stating your last name and then your response. That should expedite the process.

    4.   **If you conclude that any question unduly pries into your private affairs and you, therefore, wish to discuss it privately, let me know of that request.**  While I'm authorized under law to protect your legitimate privacy interests, I may ask some questions in the area that you indicate a desire to discuss in private to determine whether we can discuss any aspect of the matter in open court without disclosing what you desire to keep private.  This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

    5.   This is a criminal case brought by the United States government.  The government charges



    The charges are only accusations, nothing more.  Does any juror prefer not serving as a juror in this type of case?

    6.   The parties anticipate it could take \_\_\_\_ days for them to submit the case to you, after which you will retire to deliberate on the case.  We will be in trial today, Wednesday, Thursday, and _____ from 9:00 a.m. to about 4:30 p.m.  But as soon as you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations.  Does this

3

present a special problem to any member of the jury panel?

    7.   Have you heard or read anything about this case other than what I stated in this courtroom?

    10.   The attorneys for the parties in this action may introduce themselves, commencing with the government's attorney, who is also required to <u>read a witness list</u> stating the names <u>of all prospective witnesses the government intends to call</u>.  Defense counsel need only introduce himself and his client.

    11.   Do you know or have you had dealings with any of the lawyers or any person just named?

    12.   Each of you will have to determine who is telling the truth.  Please raise your hand if you are unwilling or not comfortable judging a witness' credibility and making this kind of decision?

    13.   Do you have beliefs that make it impossible or difficult for you to decide the guilt or innocence of another person?

    14.   Have you ever served as a juror in a criminal or a civil case?

        a.   Please explain what type of claim was involved and whether the jury reached a verdict.

    15.   Is there any reason why you would not be able to give your full attention to this case?

    16.   Do you think you could have difficulty seeing or hearing the witnesses?

    17.   Are you taking any medication that makes you sleepy or affects your ability to concentrate?

18.  Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

19.  On the other hand, would you tend not to believe testimony of a witness just because that witness is a law enforcement officer?

20.  Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

21.  Do you have any problem with the rule of law that the defendant need not testify in his own behalf and that if the defendant chooses not to testify that factor may not be considered by you in your deliberations?

22.  Do you have any problem with the requirement that your decision in this case must be based solely on the evidence presented at the trial and by applying the law as I will give it to you in my instructions whether or not you agree with that law?

23.  My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

    (a)   Name

    (b)   Age

    (c)   Educational background

    (d)   Your marital status

  (e) Present and former occupation for you and your spouse and/or the most significant person in your life (including military service)

  (f) Part of the state in which you live

  (g) Ages and occupations of children

24. Permit each counsel 15 minutes to voir dire the panel.